**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RUBIK'S BRAND, LTD., | |
| Plaintiff, | |
| v. | Civil Action No.: 1:20-cv-733 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**COMPLAINT**

Plaintiff, Rubik's Brand, Ltd. ("RUBIK'S" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule "A" attached hereto (collectively, "Defendants"), and for its Complaint hereby alleges as follows:

**INTRODUCTION**

1.     This action has been filed to combat the online trademark and copyright infringement and counterfeiting of Defendants, who trade upon Plaintiff's valuable trademarks and copyrights by selling and/or offering for sale unauthorized, unauthentic, and counterfeit products in connection with Plaintiff's federally registered trademarks, as well as to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by RUBIK'S.

2.     Plaintiff, Rubik's Brand, Ltd., is the owner of the federally registered RUBIK'S Trademarks, United States Trademark Registration Nos. 2,285,794; 1,242,974; and, 1,265,094

1

(collectively referred to as the "RUBIK'S Trademarks") that cover the RUBIK'S Products. The Registrations are valid, subsisting, and in full force and effect. True and correct copies of the Registrations are attached hereto as Exhibit 1. Plaintiff is the owner of Copyright Registration Nos. VA0001734187; VA0000061281; VA0000240828; TX0001929431; VA0000237786; VA0000262280; VA0000252777; TX0002011901; and, TX0001904016, which have effective registration dates as early as 1980, and are attached hereto as Exhibit 2 (hereinafter referred to as "RUBIK'S Copyrights").

3. In an effort to illegally and deceptively profit from the RUBIK'S Trademarks and RUBIK'S Copyrights, Defendants created numerous Seller Aliases and online stores (referred to as "Defendant Internet Stores"), intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate websites selling authorized RUBIK'S Products, with Defendants' ultimate intention being to deceive unknowing consumers into purchasing Counterfeit RUBIK'S Products.

4. Defendant Internet Stores share numerous unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between Defendants, and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

5. Plaintiff is forced to file this action to combat Defendants' ongoing infringement of Plaintiff's RUBIK'S Trademarks and RUBIK'S Copyrights (collectively referred to as "RUBIK'S Intellectual Property" or "RUBIK'S IP"). Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content, and

2

tarnishment of its valuable trademarks and copyrights as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

## JURISDICTION AND VENUE

6.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.     This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this Judicial District.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating under the Defendant Seller Aliases and/or the Online Marketplace Accounts identified in Schedule "A". Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold, and continues to sell counterfeit products that infringe Plaintiff's trademarks and/or copyrights. Each Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

**THE PLAINTIFF**

9.      Rubik's Brand, Ltd., created in 1980 and based in the United Kingdom, is a globally recognizable toy and entertainment company, specializing in the creation, manufacture, marketing, and licensing of toys, puzzles, and games. Rubik's Brand, Ltd. is the owner and distributer of Rubik's Cube, Rubik's Race, Rubik's Snake, and other similar Rubik's Brand products.

10.      RUBIK'S is in the business of developing, marketing, and licensing RUBIK'S Products. The RUBIK'S brand began with the creation of the best selling toy of all time, the Rubik's Cube; and, RUBIK'S continues to sell the Rubik's Cube, along with other highly successful RUBIK'S Products.

11.      Rubik's Brand, Ltd. is the licensor of all RUBIK'S products available in stores and on various e-commerce platforms, as for example, on Rubiks.com:



https://www.rubiks.com/en-us/shop/multiplayer-games.html

12. The RUBIK'S Trademarks have been used exclusively by Rubik's Brand, Ltd., and have never been abandoned. The RUBIK'S registrations are valid, subsisting, and in full force and effect. The registrations of the RUBIK'S Trademarks constitute prima facie evidence of their validity and of Rubik's Brand, Ltd.'s exclusive right to use the RUBIK'S Trademarks pursuant to 15 U.S.C. § 1057(b).

13. Rubik's Brand, Ltd. has invested substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the RUBIK'S Products.

14. The success of the RUBIK'S Products is due in large part to the marketing, promotional, and distribution efforts of Rubik's Brand, Ltd.. These efforts include advertising and promotion through rubiks.com, retailer websites, and are conducted through internet-based advertising, print, and other efforts both in the United States and internationally.

15. The success of the RUBIK'S Brand is also due to the use of high-quality materials and processes in making the RUBIK'S Products.

16. Additionally, Rubik's Brand, Ltd. owes a substantial amount of the success of the RUBIK'S Products to its licensees, consumers, and interest that its consumers have generated.

17. As a result of the efforts of Rubik's Brand, Ltd., the quality of its RUBIK'S Products, the promotional efforts for its products and designs, press and media coverage, and members of the public have become familiar with the RUBIK'S Products, RUBIK'S Copyrights, and RUBIK'S Trademarks, and associate them exclusively with Rubik's Brand, Ltd..

18. Rubik's Brand, Ltd. has made efforts to protect its interests in and to the RUBIK'S Intellectual Property. Rubik's Brand, Ltd. and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the RUBIK'S Copyrights and/or RUBIK'S Trademarks, without the express written permission of

Rubik's Brand, Ltd.. Plaintiff has not licensed or authorized Defendants to use the RUBIK'S Trademarks and Copyrights.

## THE DEFENDANTS

19.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including Illinois, and within this Judicial District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell unauthorized and/or counterfeit RUBIK'S Products to consumers within the United States, Illinois, and this Judicial District.

## THE DEFENDANTS' UNLAWFUL CONDUCT

20.     The success and widespread popularity and recognition of the RUBIK'S Brand and RUBIK'S Products has resulted in significant counterfeiting and intentional copying. Plaintiff has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as eBay, Amazon, Wish, and AliExpress, including the Defendant Internet Stores, which are offering for sale, selling, and importing counterfeit RUBIK'S Products to consumers in this Judicial District and throughout the United States. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2013 was over $1.74 billion, up from $1.26 billion in 2012. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of

lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

21.     As recently addressed in the Wall Street Journal, Fortune, and the New York Times, and as reflected in the federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above mentioned digital marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate. *See* Kathy Chu, *Luxury brands get tougher with counterfeiters – and Alibaba*, MARKETWATCH (Aug. 16, 2016), http://www.marketwatch.com/story/luxury-brands-get-tough-with-counterfeiters-2016-08-16-91031611; Gilian Wong, *Alibaba Sued Over Alleged Counterfeits*, WALL STREET JOURNAL (May 17, 2015), http://www.wsj.com/articles/alibaba-sued-over-alleged-counterfeits-1431877734; Scott Cendrowski, *There's no end in sight for Alibaba's counterfeit problem*, FORTUNE (May 18, 2015), http://fortune.com/2015/05/18/theres-no-end- in-sight-for-alibabas-counterfeit-problem/.

22.     Upon information and belief, Defendants facilitate sales by designing the Internet Stores to appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine RUBIK'S Products through the use of RUBIK'S Intellectual Property. Defendant Internet Stores look sophisticated and perpetuate an illusion of legitimacy – they accept payment in U.S. dollars via credit cards, Western Union, and PayPal; they often include images and design elements that make it difficult for consumers to distinguish these unauthorized sites from an authorized website; they offer "live 24/7" customer service; and, they use indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

23.     Upon information and belief, Defendants also deceive unknowing consumers by using the RUBIK'S Trademarks without authorization within the content, text, and/or meta tags of their websites, in order to attract and manipulate search engines into identifying Defendants' Online Stores as legitimate websites for RUBIK'S Products. Defendants also employ other unauthorized search engine optimization ("SEO") tactics and social media spamming so that Defendant Internet Stores show up at or near the top of relevant search results, including tactics to propel new domain names to the top of search results after others are shut down. These tactics are meant to, and are successful in, misdirecting consumers who are searching for genuine RUBIK'S Products.

24.     There is a substantial evidentiary overlap in Defendants' acts of infringement, thus constituting a collective enterprise.

25.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule "A" of the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

26.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores, including, but by no means limited to: (1) virtually

identical layouts, even though different aliases were used to register the respective domain names, (2) similarities of the unauthorized and/or counterfeit RUBIK'S Products, and indicia of being related to one another, suggesting that the illegal products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated, and (3) other notable common features such as use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

27.     Further, illegal operators, like Defendants, typically operate multiple credit card merchant accounts and third-party payment processor accounts, such as PayPal accounts, behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Upon information and belief, and as PayPal transaction logs in previous similar cases have shown, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

28.     Defendants, without any authorization or license, have knowingly and willfully infringed the RUBIK'S Trademarks and Copyrights in connection with the advertisement, distribution, offering for sale, and sale of illegal, infringing, and counterfeit products into the United States and Illinois. Each Defendant Internet Store offers to ship to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell, or has already sold, infringing products therein.

29.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to the

RUBIK'S Brand: infringed upon and counterfeited the RUBIK'S Trademarks and RUBIK'S Copyrights; created, manufactured, sold, and/or offered to sell counterfeit products and/or products which infringe upon the RUBIK'S Intellectual Property; used the RUBIK'S IP in an unauthorized manner in order to sell, advertise, describe, mislead, disceive, and trade upon the RUBIK'S Brand; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expenses of Rubik's Brand, Ltd..

30. Unless enjoined, Defendants will continue to cause irreparable harm to Rubik's Brand, Ltd..

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

31. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

32. This is a trademark infringement action against Defendants, based on their unauthorized use in commerce of counterfeit imitations of the federally registered Plaintiff's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

33. Without the authorization or consent of Rubik's Brand, Ltd., and with knowledge of Rubik's Brand, Ltd.'s well-known ownership rights in its RUBIK'S Trademarks, and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the RUBIK'S Trademarks and/or used spurious designations that are identical with, or substantially indistinguishable from, the RUBIK'S Trademarks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products.

34.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Counterfeit Products to the purchasing public in direct competition with Rubik's Brand, Ltd. and the RUBIK'S Products, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the RUBIK'S Trademarks through their participation in such activities.

35.     Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the RUBIK'S Trademarks to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public, and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Rubik's Brand, Ltd., through which Defendants make substantial profits and gains to which they are not entitled in law or equity.

36.     Defendants' unauthorized use of the RUBIK'S Trademarks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Rubik's Brand, Ltd., and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the RUBIK'S Trademarks.

37.     Defendants' actions constitute willful counterfeiting of the RUBIK'S Trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

38.     Defendants' continued intentional use of the RUBIK'S Trademarks without the consent or authorization of Rubik's Brand, Ltd., constitutes intentional infringement of Rubik's

Brand, Ltd.'s federally registered RUBIK'S Trademarks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

39.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss, irreparable injury, and damage to Rubik's Brand, Ltd., its business, its reputation, and its valuable rights in and to the RUBIK'S Trademarks and the goodwill associated therewith, in an amount as yet unknown. Rubik's Brand, Ltd. has no adequate remedy at law for this injury, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Rubik's Brand, Ltd. and its valuable RUBIK'S Trademarks.

40.     Based on Defendants' actions as alleged herein, Rubik's Brand, Ltd. is entitled to injunctive relief, damages for the irreparable harm that Rubik's Brand, Ltd. has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as well as all gains, profits, and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per-counterfeit mark per-type of goods sold, offered for sale, or distributed, and reasonable attorneys' fees and costs.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a)/LANHAM ACT § 43(a))**

41.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42.     Plaintiff, as the owner of all right, title, and interest in and to the RUBIK'S Trademarks has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

43. Plaintiff's Trademarks are inherently distinctive and are registered with the United States Patent and Trademark Office on the Principal Register; the RUBIK'S Trademarks have been continuously used and have never been abandoned; the registrations for the RUBIK'S Trademarks are valid, subsisting, and in full force and effect; and many are incontestable pursuant to 15 U.S.C. § 1065.

44. Defendants' promotion, marketing, offering for sale, and sale of infringing RUBIK'S Products has created and continues to create a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' infringing products by Plaintiff.

45. By using the RUBIK'S Trademarks in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

46. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

47. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of Rubik's Brand, Ltd., its RUBIK'S Products, and RUBIK'S Trademarks.

48. As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Rubik's Brand, Ltd. by depriving Plaintiff of sales of its RUBIK'S Products and by depriving Rubik's Brand, Ltd. of the value of its RUBIK'S Trademarks as commercial assets in an amount as yet unknown.

49.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

50.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51.     Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of Defendants' goods, thus causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine RUBIK'S Products, through Defendants' representation that Defendants' Counterfeit Products have Plaintiff's approval, when they do not.

52.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*.

53.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT IV
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

54.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

55.     The RUBIK'S Copyrights are the subject of multiple valid copyright registrations.

14

56. Plaintiff, at all relevant times, has been the holder of the copyright registrations and exclusive rights of and belonging to RUBIK'S, including but not limited to the RUBIK'S Copyrights and derivative works.

57. RUBIK'S Copyrights have significant value and have been produced and created at considerable expense.

58. The trademarked and copyrighted products include a copyright notice advising the general public that the RUBIK'S Products are protected by the Copyright Laws of the United States.

59. Upon information and belief, Defendants had access to the copyrighted work through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendants wrongfully created copies of the copyrighted work without Plaintiff's consent, and engaged in, and continue to engage in acts of widespread infringement.

60. Rubik's Brand, Ltd. is informed, and thereon alleges, that Defendants further infringed RUBIK'S Copyrights by making, or causing to be made, derivative works by producing and distributing unauthorized reproductions of the RUBIK'S Copyrights, without permission of Rubik's Brand, Ltd..

61. Each Defendant, without the permission or consent of the Plaintiff, has sold, and continues to sell, online infringing derivative works of Plaintiff's Copyrights. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq*.).

62. Further, as a direct result of the Defendants' acts of copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement

of Plaintiff's Copyrights. Rubik's Brand, Ltd. is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to said infringement.

63. As a result of each Defendant's infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

64. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's Copyrights, and ordering that each Defendant destroy all unauthorized and/or infringing copies and reproductions of Plaintiff's Copyrighted works. Defendants' copies, plates, and other embodiments of the copyrighted work from which copies can be reproduced should be impounded and forfeited to Rubik's Brand, Ltd. as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Rubik's Brand, Ltd., under 17 U.S.C §503.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the RUBIK'S Trademarks or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized

16

RUBIK'S Product, or is not authorized by Plaintiff to be sold in connection with the RUBIK'S Trademarks or RUBIK'S Copyrights;

b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the RUBIK'S Trademarks or RUBIK'S Copyrights;

c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the RUBIK'S Trademarks, or which are derived from the RUBIK'S Copyrights;

d. further infringing the RUBIK'S Trademarks and damaging Plaintiff's goodwill;

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Seller Stores, Defendant product listings, or any other domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the RUBIK'S Trademarks or which are derived from Plaintiff's RUBIK'S Copyrights;

f. operating and/or hosting websites at the Defendant Domain Names, and any other domain names registered to or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which bear the RUBIK'S Trademarks, or which are derived from Plaintiff's RUBIK'S Copyrights;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces and payment processors, such as eBay, Amazon, Wish, iOffer, and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and

17

any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which bear the RUBIK'S Trademarks, including any accounts associated with the Defendants listed on Schedule "A";

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which bear the RUBIK'S Trademarks, or which are derived from Plaintiff's copyrights in the RUBIK'S Copyrights; and,

    c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule "A" from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Trademarks, pursuant to 15 U.S.C. § 1114;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff; and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

6) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and,

b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

7) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. §504, at the election of Plaintiff;

8) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

9) Any and all other relief that this Court deems just and proper.


DATED: January 31, 2020                    Respectfully submitted,

                                           */s/ Ann Marie Sullivan*
                                           Ann Marie Sullivan
                                           Alison Carter
                                           Raymond Lang
                                           AM Sullivan Law, LLC
                                           1440 W. Taylor St., Suite 515
                                           Chicago, Illinois 60607
                                           Telephone: 224-258-9378
                                           E-mail:  ams@amsullivanlaw.com

                                           ***ATTORNEYS FOR PLAINTIFF***