UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

Rubik's Brand, Ltd.

                Plaintiff,

v.

                Case No.:
                1:20−cv−00733
                Honorable John Z. Lee

The Partnerships and Unincorporated Associations
Identified on Schedule "A"

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, June 26, 2020:

        MINUTE entry before the Honorable John Z. Lee: The Court finds that joinder of the 643 individual defendants is improper. Plaintiff supports joinder primarily by noting that "Defendants are working in a similar manner and during the same time period to sell [c]ounterfeit Rubik's Products." Joinder Mot. at 2, ECF No. 23. But courts in this district "have consistently held" that joinder is improper where "multiple defendants are merely alleged to have infringed the same... trademark." ThermaPure, Inc. v. Temp−Air, Inc., No. 10 C 4724, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010). The Court is not prepared to depart from that longstanding procedural tenet, which ensures that joinder is permitted only where its intended purposessuch as avoiding delay and expense where there is evidentiary overlap, see Eclipse Mfg. Co. v. M and M Rental Center, Inc., 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007)are served, and also helps minimize prejudice to defendants by, for example, enabling them to receive a more tailored judgment as to statutory damages under the Lanham Act, see H−D U.S.A., LLC v. SunFrog, LLC, 311 F. Supp. 3d 1000, 1048 (E.D. Wis. 2008). For these reasons, joinder of defendants cannot be premised solely on independent, parallel conduct; the plaintiff must show some additional connection between each joined Defendant. Although conclusory assertions of such a link between defendants are insufficient, a plaintiff can meet its burden at the pleading stage by coupling such assertions with specific factual allegations that indicate cooperation, coordination, or collusion. Examples of such facts include, inter alia, shared physical or email addresses, substantially identical product descriptions or web pages, or (to import a concept from elsewhere in trademark law) websites that share a distinctive "look and feel," see, e.g., Conference Archives, Inc. v. Sound Images, Inc., No. 3:2006−76, 2010 WL 1626072, at *4 (W.D. Pa. Mar. 31, 2010). Though such facts will not definitively establish coordination or any other kind of relationship between the defendants, see Este Lauder Cosmetics Ltd. v. The P'ships and Unincorporated Ass'ns Identified on Schedule A, 334 F.R.D. 182, 18889 (N.D. Ill. 2020), plaintiffs at the pleading stage need not allege facts that definitively establish a link between the defendants; they need only allege facts that plausibly establish such a link. Here, Plaintiff does not clearly put forth allegations that each Defendant has ties to every other Defendant, and much of what it does present is generic and would likely apply to counterfeiters at large, including the fact that

Defendants' websites lack contact information. Joinder Mot. at 12. Furthermore, although Plaintiff avers that Defendants "are in constant communication with each other" on various chatting websites, based "[o]n information and belief," id., they offer no facts from which the Court can infer such a relationship. Plaintiff has thus not met its burden to show that joinder of every Defendant is proper. Plaintiff is given until July 24, 2020 to file an amended complaint that includes only those Defendants that are alleged to have coordinated, collaborated, or are otherwise connected with each other. Moreover, Plaintiff must allege specific facts indicating ties between each Defendant, including shared, or substantially shared, identifiers that do not encompass a significant portion of either all e−commerce counterfeiters generally or all Rubik's counterfeiters specifically. Finally, in light of this order, Plaintiff's motions [11][14] are stricken without prejudice. Its motion for leave to file under seal [25], however, is granted. Mailed notice(ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.